1 | THOMAS P. O'BRIEN
United States Attorney
2 | ROBB C. ADKINS
Assistant United States Attorney
3 | Chief, Santa Ana Office
DOUGLAS F. McCORMICK (180415)
4 | Assistant United States Attorney
    Ronald Reagan Fed. Bldg. & U.S. Courthouse
5 |    411 W. Fourth St., 8th Floor
    Santa Ana, California 92701
6 |    Telephone:  (714) 338-3541
    Facsimile:  (714) 338-3564
7 |    E-mail:  doug.mccormick@usdoj.gov

8 | Attorneys for Plaintiff
UNITED STATES OF AMERICA
9 |

10 |           UNITED STATES DISTRICT COURT

11 |        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 |              SOUTHERN DIVISION

13 | UNITED STATES OF AMERICA,    ) SA CR No. _09-68_____
                                 )
14 |            Plaintiff,        ) PLEA AGREEMENT FOR DEFENDANT
                                 ) MICHELLE LOUISE BRAUN
15 |       v.                     )
                                 )
16 | MICHELLE LOUISE BRAUN,       )
                                 )
17 |            Defendant.        )
                                 )
18 | _____     )

19 |

20 |      1.    This constitutes the plea agreement between MICHELLE

21 | LOUISE BRAUN ("defendant") and the United States Attorney's

22 | Office for the Central District of California ("the USAO") in the

23 | investigation of defendant's prostitution-related business

24 | activities.  This agreement is limited to the USAO and cannot

25 | bind any other federal, state or local prosecuting,

26 | administrative or regulatory authorities.

27 |

28 |

1

PLEA

2        2.    Defendant gives up the right to indictment by a grand

3 jury and agrees to plead guilty to a two-count information in the

4 form attached to this agreement or a substantially similar form.

5                         NATURE OF THE OFFENSE

6        3.    In order for defendant to be guilty of count one,

7 which charges a violation of Title 18, United States Code,

8 Section 2421, the following must be true: (1) defendant knowingly

9 transported a person in interstate or foreign commerce; and (2)

10 defendant transported said person with the intent that such

11 person engage in prostitution.   In order for defendant to be

12 guilty of count two, which charges a violation of Title 18,

13 United States Code, Section 1957, the following must be true: (1)

14 defendant knowingly engaged in a monetary transaction; (2)

15 defendant knew that the transaction involved criminal derived

16 property, which means any property constituting, or derived from,

17 the proceeds of a criminal offense; (3) the property had a value

18 of greater than $10,000; (4) the property was, in fact, derived

19 from the crime of prostitution; and (5) the transaction occurred

20 in the United States.   A defendant may be found guilty of

21 violating Sections 2421 or 1957 even if defendant did not

22 personally commit the acts constituting the crime but aided and

23 abetted in its commission.   To prove a defendant guilty of aiding

24 and abetting, the government must prove: (1) a violation of

25 Section 2421 or 1957 was committed by someone; (2) defendant

26 knowingly and intentionally aided, counseled, commanded, induced,

27 or procured that person to commit a violation of Section 2421 or

28 1957; and (3) defendant acted before the crime was completed.

                                   2

1   Defendant admits that defendant is, in fact, guilty of these

2   offenses as described in counts one and two of the information.

3                                PENALTIES

4        4.   The statutory maximum sentence that the Court can impose

5   for a violation of Title 18, United States Code, Section 2421 is:

6   10 years imprisonment; a three-year period of supervised release;

7   a fine of $250,000 or twice the gross gain or gross loss

8   resulting from the offense, whichever is greater; and a mandatory

9   special assessment of $100.   The statutory maximum sentence that

10  the Court can impose for a violation of Title 18, United States

11  Code, Section 1957 is: 10 years imprisonment; a three-year period

12  of supervised release; a fine of $250,000 or twice the amount of

13  the criminally derived property, whichever is greater; and a

14  mandatory special assessment of $100.   Therefore, the total

15  maximum sentence for all offenses to which defendant is pleading

16  guilty is: 20 years imprisonment; a three-year period of

17  supervised release; a fine of $250,000, twice the gross gain or

18  gross loss resulting from the offense, or twice the amount of the

19  criminally derived property, whichever is greatest; and a

20  mandatory special assessment of $200.

21       5.   Supervised release is a period of time following

22  imprisonment during which defendant will be subject to various

23  restrictions and requirements.   Defendant understands that if

24  defendant violates one or more of the conditions of any

25  supervised release imposed, defendant may be returned to prison

26  for all or part of the term of supervised release, which could

27  result in defendant serving a total term of imprisonment greater

28  than the statutory maximum stated above.

                                    3

6.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7.  Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

8.  Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts includes facts sufficient to support a plea (or pleas) of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

<u>See</u> Exhibit A.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

9.  By pleading guilty, defendant gives up the following rights:

a)  The right to persist in a plea of not guilty.

b)  The right to a speedy and public trial by jury.

c)  The right to the assistance of legal counsel at

4

trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite her plea of guilty, she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

SENTENCING FACTORS

10.  Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence.  Defendant understands that the Sentencing Guidelines are only advisory, and that after considering the

5

1  Sentencing Guidelines, the Court may be free to exercise its

2  discretion to impose any reasonable sentence up to the maximum

3  set by statute for the crimes of conviction.

4      11.  Defendant and the USAO agree and stipulate to the

5  following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 14 | U.S.S.G. § 2G1.1(a)(2)<br>U.S.S.G. § 2S1.1(a)(1) |
| Specific Offense<br>Characteristics-- | | | |
| § 2G1.1(d)(1) | : | +1 | U.S.S.G. § 2G1.1(d)(1) |
| 18 U.S.C. § 1957 | : | +1 | U.S.S.G. § 2S1.1(B)(2)(A) |
| Adjustments- | | | |
| Acceptance of<br>Responsibility | : | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level | : | 13 | |
| Criminal History<br>Category | : | I_____ | |
| Guideline Range | : | 12-18 months imprisonment<br>$3,000 - $30,000 fine | |

18  Defendant and the USAO agree not to seek, argue, or suggest in

19  any way, either orally or in writing, that any other specific

20  offense characteristics, adjustments or departures, from either

21  the applicable Offense Level or Criminal History Category, be

22  imposed.

23      12.  Defendant and the USAO agree that an appropriate

24  disposition of this case is that the court depart from the range

25  identified in paragraph 11 to impose a sentence of: five years

26  probation with a condition imposing no more than six months of

27  home confinement as well as other conditions to be fixed by the

28  Court; a fine of $30,000; and a $200 special assessment.

13.   The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement.   Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

14.   Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).   So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement.   The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

<u>DEFENDANT'S OBLIGATIONS</u>

15.   Defendant agrees that he or she will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at

7

1   all times with Pretrial Services, the U.S. Probation Office, and

2   the Court.

3          f) Pay the applicable fines and special assessments at

4   or before the time of sentencing unless defendant lacks the

5   ability to pay.

6          16. Defendant further agrees:

7          a)    To forfeit all right, title, and interest in and

8   to such items, specifically including all right, title and

9   interest in and to all property and assets, including (1) the

10  seized funds at issue in <u>United States v. $325,415.11 in Bank</u>

11  <u>Account Funds</u>, Case No. SA CV 08-00303-DOC (ANx), and (2) the

12  items listed on Exhibit B hereto, which defendant admits

13  constitute the proceeds of or were used to facilitate defendant's

14  illegal activity in violation of 18 U.S.C. § 2421.

15         b)    To the Court's entry of an order of forfeiture at

16  or before sentencing with respect to these assets and to the

17  forfeiture of the assets.

18         c)    To take whatever steps are necessary to pass to

19  the United States clear title to the assets described above,

20  including, without limitation, the execution of a consent decree

21  of forfeiture and the completing of any other legal documents

22  required for the transfer of title to the United States.

23         d)    Not to contest any administrative forfeiture

24  proceedings or civil judicial proceedings commenced against these

25  properties pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).  With

26  respect to any criminal forfeiture ordered as a result of this

27  plea agreement, defendant  waives the requirements of Federal

28  Rules of Criminal Procedure 32.2 and 43(a) regarding notice of

8

the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that the forfeiture of the assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.

e) Not to assist any other individual in any effort falsely to contest the forfeiture of the assets described above.

f) Not to claim that reasonable cause to seize the assets was lacking.

g) To prevent the disbursement of any and all assets described above if such disbursements are within defendant's direct or indirect control.

h) That forfeiture of assets described above shall not be counted toward satisfaction of any special assessment, fine, restitution, or any other penalty the Court may impose.

17. Defendant further agrees to cooperate fully with the USAO, the Federal Bureau of Investigation (FBI), the Internal Revenue Service, Criminal Investigation (IRS-CI), and, as directed by the USAO, any other federal, state, or local law enforcement agency.  This cooperation requires defendant to:

a) Respond truthfully and completely to all questions that may be put to defendant.

b) Attend all meetings at which defendant's presence is requested by the USAO.

c) Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO,

or its designee, inquires.

THE USAO'S OBLIGATIONS

18.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a)    To abide by all sentencing stipulations contained in this agreement.

b)    Not to offer as evidence in its case-in-chief in the above-captioned case or any other prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any case that may be brought against defendant by the USAO, any statements made by defendant or documents, records, or tangible evidence provided by defendant pursuant to this agreement.  Defendant agrees, however, that the USAO may use such statements, documents, records, and tangible evidence: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any prosecution of defendant, (2) to cross-examine defendant should defendant testify, or to rebut any evidence, argument or representations made by defendant or a witness called by defendant in any trial, sentencing hearing, or other court proceeding, and (3) in any prosecution of defendant for false statement, obstruction of justice, or perjury.

c)    Not to use any information provided by defendant pursuant to this agreement against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, and to recommend to the Court that such information not be used in determining the sentence to be imposed.  Defendant understands,

10

however, that information provided by defendant pursuant to this agreement will be disclosed to the probation office and the Court, and that the Court may use this information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

d)     In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

<u>DEFENDANT'S UNDERSTANDINGS REGARDING SUBSTANTIAL ASSISTANCE</u>

19.   Defendant understands the following:

a)     Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b)     Nothing in this agreement requires the USAO or any other prosecuting or law enforcement agency to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

<u>BREACH OF AGREEMENT</u>

20.   If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, whichever is later, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  For example, if the defendant knowingly in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes her own role, or the role of another, in criminal

11

conduct, he will have breached this agreement.   If the USAO
declares this agreement breached, and the Court finds such a
breach to have occurred, defendant will not be able to withdraw
defendant's guilty pleas, and the USAO will be relieved of all of
its obligations under this agreement.   In particular:

a)   The USAO will no longer be bound by any agreements
concerning sentencing and will be free to seek any sentence up to
the statutory maximum for the crimes to which defendant has
pleaded guilty.

b)   The USAO will no longer be bound by any agreements
regarding criminal prosecution, and will be free to prosecute
defendant for any crime, including charges that the USAO would
otherwise have been obligated not to prosecute pursuant to this
agreement.

c)   The USAO will be free to prosecute defendant for
false statement, obstruction of justice, and perjury based on any
knowingly false or misleading statement by defendant.

d)   The USAO will no longer be bound by any agreement
regarding the use of statements, documents, records, tangible
evidence, or information provided by defendant, and will be free
to use any of those in any way in any investigation, prosecution,
or civil or administrative action.   Defendant will not be able to
assert either (1) that those statements, documents, records,
tangible evidence, or information were obtained in violation of
the Fifth Amendment privilege against compelled self-
incrimination, or (2) any claim under the United States
Constitution, any statute, Rule 11(f) of the Federal Rules of
Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or

1   any other federal rule, that statements, documents, records,

2   tangible evidence, or information provided by defendant before or

3   after the signing of this agreement, or any leads derived

4   therefrom, should be inadmissible.

5       21.   Following a knowing and willful breach of this

6   agreement by defendant, should the USAO elect to pursue any

7   charge that was dismissed or not filed as a result of this

8   agreement, then:

9           a)   Defendant agrees that any applicable statute of

10  limitations is tolled between the date of defendant's signing of

11  this agreement and the commencement of any such prosecution or

12  action.

13          b)   Defendant gives up all defenses based on the

14  statute of limitations, any claim of preindictment delay, or any

15  speedy trial claim with respect to any such prosecution, except

16  to the extent that such defenses existed as of the date of

17  defendant's signing of this agreement.

18      LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

19      22.   Defendant gives up the right to appeal any sentence

20  imposed by the Court, and the manner in which the sentence is

21  determined, provided that the sentence is that agreed to in

22  paragraph 12 above.   Defendant also gives up any right to bring a

23  post-conviction collateral attack on the convictions or sentence,

24  except a post-conviction collateral attack based on a claim of

25  ineffective assistance of counsel, a claim of newly discovered

26  evidence, or a explicitly retroactive change in the applicable

27  Sentencing Guidelines, sentencing statutes, or statutes of

28  conviction.

1    23.   The USAO gives up its right to appeal any sentence

2   imposed by the Court, including any order of restitution,

3   provided that the sentence is that agreed to in paragraph 12

4   above.

5                      COURT NOT A PARTY

6    24.   The Court is not a party to this agreement and need not

7   accept any of the USAO's sentencing recommendations or the

8   parties' stipulations.

9                   NO ADDITIONAL AGREEMENTS

10    25.   Except as set forth herein, there are no promises,

11   understandings or agreements between the USAO and defendant or

12   defendant's counsel.  Nor may any additional agreement,

13   understanding or condition be entered into unless in a writing

14   signed by all parties or on the record in court.

15         PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

16    26.   The parties agree and stipulate that this Agreement

17   will be considered part of the record of defendant's guilty plea

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1   hearing as if the entire Agreement had been read into the record

2   of the proceeding.

3        This agreement is effective upon signature by defendant and

4   an Assistant United States Attorney.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

7

8   THOMAS P. O'BRIEN
    United States Attorney

9

10  DOUGLAS F. McCORMICK                    *March 25, 2009*
    Assistant United States Attorney       Date

11

12       I have read this agreement and carefully discussed every
    part of it with my attorney.  I understand the terms of this
13  agreement, and I voluntarily agree to those terms.  My attorney
    has advised me of my rights, of possible defenses, of the
14  Sentencing Guideline provisions, and of the consequences of
    entering into this agreement.  No promises or inducements have
15  been made to me other than those contained in this agreement.  No
    one has threatened or forced me in any way to enter into this
16  agreement.  Finally, I am satisfied with the representation of my
    attorney in this matter.

17

18  _____          _____
    MICHELLE LOUISE BRAUN                     Date
19  Defendant

20

21       I am Michelle Louise Braun's attorney.  I have carefully
    discussed every part of this agreement with my client.  Further,
22  I have fully advised my client of her rights, of possible
    defenses, of the Sentencing Guidelines' provisions, and of the
23  consequences of entering into this agreement.  To my knowledge,
    my client's decision to enter into this agreement is an informed
24  and voluntary one.

25

    _____          _____
26  MARC S. NURIK                             Date
    Counsel for Defendant
27  MICHELLE LOUISE BRAUN

28

                                  15

1 | hearing as if the entire Agreement had been read into the record
2 | of the proceeding.

3 |     This agreement is effective upon signature by defendant and
4 | an Assistant United States Attorney.

5 | AGREED AND ACCEPTED

6 | UNITED STATES ATTORNEY'S OFFICE
  | FOR THE CENTRAL DISTRICT OF CALIFORNIA
7 |
  | THOMAS P. O'BRIEN
8 | United States Attorney

9 |

10 | _____        _____
   | DOUGLAS F. McCORMICK                     Date
11 | Assistant United States Attorney

12 |     I have read this agreement and carefully discussed every
   | part of it with my attorney.  I understand the terms of this
13 | agreement, and I voluntarily agree to those terms.  My attorney
   | has advised me of my rights, of possible defenses, of the
14 | Sentencing Guideline provisions, and of the consequences of
   | entering into this agreement.  No promises or inducements have
15 | been made to me other than those contained in this agreement.  No
   | one has threatened or forced me in any way to enter into this
16 | agreement.  Finally, I am satisfied with the representation of my
   | attorney in this matter.
17 |

18 | _____        2/27/09
   | MICHELLE LOUISE BRAUN                     Date
19 | Defendant

20 |

21 |     I am Michelle Louise Braun's attorney.  I have carefully
   | discussed every part of this agreement with my client.  Further,
22 | I have fully advised my client of her rights, of possible
   | defenses, of the Sentencing Guidelines' provisions, and of the
23 | consequences of entering into this agreement.  To my knowledge,
   | my client's decision to enter into this agreement is an informed
24 | and voluntary one.

25 | _____        2/27/09
   | MARC S. NURIK                             Date
26 | Counsel for Defendant
   | MICHELLE LOUISE BRAUN
27 |

28 |

                                    15

## Exhibit A

On or about February 25, 2004, defendant Michelle Louise Braun ("Braun") knowingly made or caused to be made a wire transfer in the amount of $15,000 ("the monetary transaction") from Wells Fargo bank account number XXXXXX1265 in the name of West Coast Financial Inc. to Bank of America bank account number XXXXXX1402 in the name of C.S.  Braun knew that the funds involved in the monetary transaction were criminally derived property, that is, the funds were derived from the proceeds of a violation of 18 U.S.C. § 2421, namely, the transportation of A.S. in interstate and foreign commerce, with intent that A.S. engage in one or more acts of prostitution.

On or about October 17, 2007, Braun transported or caused to be transported J.C. in interstate commerce, namely, transported or caused the transportation of J.C. from Orange County, California, to New York, New York, with the intent that J.C. engage in one or more acts of prostitution.

16

## Exhibit B

(1)   Apple MacBook computer serial number 4H640B3QU9B;

(2)   T-Mobile Sidekick serial number F71218131; and

(3)   iPhone serial number 7U7258H_WH8.